UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **L.W.,**  **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2196** |
| **R.L., SR. AS THE INDEPENDENT CO-EXECUTOR OF THE SUCCESSION OF L.L., ET AL.,**  **Defendants** | **SECTION: "E" (3)** |

## ORDER

Before the Court is Plaintiff's ex parte motion to proceed anonymously.[1] This action concerns allegations of sexual molestation. Plaintiff alleges she was sexually molested by Decedent L.L while she was a minor child and brings this action against the executors of his succession seeking compensatory damages for the alleged abuse.[2] Plaintiff moves to proceed under the pseudonym "L.W,"[3] on the ground that she has a strong privacy interest in the use of a pseudonym, which outweighs any countervailing public interest in revealing her identity.[4]

Parties to an action in federal court must typically proceed by a designated name. Federal Rule of Civil Procedure 10(a) provides that all parties must be named in the title of the complaint. Rule 17(a)(1) further states, "[a]n action must be prosecuted in the name of the real party in interest."[5] However, in certain circumstances a party may proceed under a pseudonym. The Fifth Circuit has advanced "no hard and fast formula for

---

[1] R. Doc. 11.
[2] R. Doc. 2 at p. 2.
[3] R. Doc. 11.
[4] R. Doc. 11-2 at pp. 3-4.
[5] FED. R. CIV. P. 17(a)(1).

1

ascertaining whether a party may sue anonymously."[6] Courts have typically balanced maintenance of a party's privacy against the presumption of openness in judicial proceedings.[7]

Courts applying this balancing test have permitted plaintiffs to use pseudonyms in three general categories of situations. The first is "when identification creates a severe and specific risk of retaliatory physical or mental harm."[8] The second is when the use of pseudonyms is necessary "to preserve privacy in a matter of sensitive and highly personal nature."[9] The third is when the party moving for anonymity is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution."[10]

This action plainly involves matters of the utmost privacy and is highly personal in nature. The allegations concern sexual molestation allegedly suffered by Plaintiff while she was a minor child. Such circumstances weigh heavily in favor of granting leave to proceed under a pseudonym. Indeed, other district courts in the Fifth Circuit have permitted plaintiffs to proceed anonymously in similar instances.[11] Moreover, allowing Plaintiff to proceed using pseudonyms will not prejudice Defendants, who are aware of her identity.[12] Although Defendants will have to make redactions and take measures to prevent disclosure of Plaintiff's identity, her anonymity should not otherwise impede

---

[6] *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).
[7] *Rose v Beaumont Independent School District*, 240 F.R.D. 264, 266 (E.D. Tex. 2007) (*citing Stegall*, 653 F.2d at 185); *see also Southern Methodist University Association of Women Law Students v Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).
[8] *W.D.O. v. Harris County Sheriff Department*, 2005 WL 8169263, at *2 (S.D. Tex. 2005); *see also Stegall*, 653 F.2d at 186.
[9] *W.D.O.*, 2005 WL 8169263, at *2.
[10] *Stegall*, 653 F.2d at 185.
[11] *Doe on behalf of MF v Harris County Precinct Six Constable Sylvia Trevino*, 2020 WL 1695054, at *1 (S.D. Tex. 2020); *Doe v Wharton Independent School District*, 2017 WL 932935, at *1 (S.D. Tex. 2017).
[12] R. Doc. 2 at p. 3.

their ability to defend this action. However, because the Court decides this motion ex parte, Defendants may move for relief on this issue later if necessary.

Accordingly,

**IT IS ORDERED** that Plaintiff's ex parte motion for leave to proceed anonymously[13] is **GRANTED** and Plaintiff may file her complaint under the initials "L.W."[14]

**New Orleans, Louisiana, this 5th day of January, 2026.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 11.
[14] If this action proceeds to trial, the Court will again address whether Plaintiff may proceed anonymously.